UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC S. KIRSCHNER,<br><br>                    Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A., et al.,<br><br>                    Defendants. | Case No.: 20-cv-01712-LAB-JLB<br><br>**ORDER ON MOTION TO COMPEL COMPLIANCE WITH OUT-OF-DISTRICT SUBPOENA**<br><br>**[ECF No. 1]** |

Before the Court is Plaintiff Marc S. Kirschner's Motion to Compel. (ECF No. 1.) Plaintiff seeks to compel Third Party Vantage Point Advisors, Inc.'s ("Vantage Point") to produce documents in response to a subpoena *deuces tecum* served on Vantage Point in an action pending in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court"), *Kirschner v. JP Morgan Chase Bank, N.A., et al.*, Adv. Pro. 17-51840-LSS (Bankr. D. Del.). Plaintiff also seeks reasonable expenses and attorneys' fees in bringing the instant motion. (*Id.* at 8.) The Court construes Plaintiff's request as a request for contempt sanctions. For the reasons discussed below, Plaintiff's Motion to Compel is **GRANTED in part and DENIED in part**.

///

# I. BACKGROUND

## A. Meet and Confer Attempts

In the Delaware Bankruptcy Court action, Plaintiff seeks to recover $35 million in fees paid in 2014 to Defendants for arranging a $1.775 billion loan to insolvent debtor Millennium Health ("Millennium"). (ECF No. 1-18 at 1.) On December 17, 2019, Plaintiff served a subpoena on Vantage Point requesting documents related to valuation services it provided Millennium between 2012 and 2015. (*Id.* at 3; ECF No. 1-3 at 16–17.) Vantage Point responded to the subpoena by voicemail on January 15, 2020, and by e-mail on January 16, 2020, and requested a meet and confer on the scope and timing of the subpoena. (ECF No. 1-5 at 3.) Plaintiff left a voicemail message for Vantage Point on January 16, 2020, and sent follow-up e-mails on January 24, 28, and February 4, 2020, requesting to schedule a meet and confer. (*Id.* at 2.)

On March 7, 2020, Plaintiff served a substantially similar subpoena on Vantage Point by e-mail in a separate but related action in the Southern District of New York ("SDNY").[1] (ECF No. 1-6 at 2; ECF No. 1-7.) Plaintiff sent a second e-mail to Vantage Point on March 18, 2020, requesting that Vantage Point accept service of the SDNY subpoena by e-mail. (ECF No. 1-8 at 2.) Plaintiff then called Vantage Point on March 24, 2020, at which time Vantage Point agreed to accept service of the SDNY subpoena by e-mail. (ECF No. 1-2 ¶ 8.) During the phone call, Vantage Point explained that its efforts to collect and produce responsive materials would be delayed because of the coronavirus pandemic and resulting lockdowns in California, which limited Vantage Point's access to its offices. (*Id.*) Plaintiff memorialized this conversation in a follow-up e-mail sent to Vantage Point on March 26, 2020, and again suggested a meet and confer with Vantage Point regarding both subpoenas. (ECF No. 1-8 at 2.)

---

[1] In the instant motion, Plaintiff seeks to compel responses to the subpoena issued in the Delaware Bankruptcy Court matter only. (ECF No. 1-18 at 3 n.2.)

Plaintiff next contacted Vantage Point on April 1, 2020, via telephone and e-mail for an update on Vantage Point's collection of documents in response to both subpoenas. (ECF No. 1-2 ¶ 9.) Vantage Point responded the same day by e-mail and reiterated that it faced pandemic-related difficulties in collecting and producing responsive documents and it was "unclear" when it would "be in a position to gather and produce responsive documents." (ECF No. 1-10 at 2.) Vantage Point also informally objected to Request No. 7 in the subject subpoena as overly burdensome, expensive, and irrelevant, and represented that it would "send . . . a formal objection." (*Id.*) On April 6, 2020, Plaintiff responded to Vantage Point's April 1 e-mail and again requested a meet and confer. (ECF No. 1-11 at 2.)

By May 18, 2020, Vantage Point had provided neither formal responses and objections nor times when it could to meet and confer. (ECF No. 1-2 ¶ 10.) Plaintiff e-mailed Vantage Point asking for formal objections and responses to the subject subpoena and pointing out to Vantage Point that its deadline to respond had passed. (ECF No. 1-12 at 2.) Plaintiff again requested a meet and confer. (*Id.*) Vantage Point did not respond to Plaintiff's May 18 e-mail. (ECF No. 1-2 ¶ 10.)

On July 24, 2020, Plaintiff e-mailed a letter to Vantage Point again requesting a meet and confer and stating that he would move to compel a response to the subject subpoena if Vantage Point did not respond by August 1, 2020. (ECF No. 1-14 at 2.) Vantage Point responded to Plaintiff's letter by e-mail that same day and explained that its offices had been closed during the last several months due to California's stay-at-home order. (ECF No. 1-15 at 2.) Vantage Point represented that its president was "working on gathering documents responsive to the subpoena, but his ability to identify and gather the documents ha[d] been severely hampered by the pandemic and the restrictions put in place . . . in California and San Diego County." (*Id.*)

On July 31, 2020, Plaintiff responded to Vantage Point's e-mail with concerns that Vantage Point's delay in responding to the subpoena, which was served on December 19, 2019, was excessive "even by pandemic-standards." (ECF No. 1-16 at 2.) Plaintiff, in an effort to avoid unnecessary motion practice, suggested that Vantage Point provide a

declaration for the Delaware Bankruptcy Court that would "(i) explain the conditions faced; (ii) describe the efforts made at compliance thus far[,] and (iii) provide an estimate for completion." (*Id.*) Vantage Point did not respond to Plaintiff's July 31 e-mail. (ECF No. 1-2 ¶ 12.)

On August 10, 2020, Plaintiff sent a final e-mail to Vantage Point providing that he would move to compel responses to the subject subpoena unless Vantage Point responded immediately. (ECF No. 1-17 at 2.) Vantage Point did not respond to Plaintiff's e-mail, but Plaintiff was able to reach Vantage Point by telephone on August 20, 2020. (ECF No. 1-2 ¶ 13.) During the call, Plaintiff reiterated his intention to move to compel if Vantage Point failed to provide the requested declaration. (*Id.*) Counsel for Vantage Point indicated that he thought the declaration was reasonable and would propose the idea to Vantage Point the same day and provide Plaintiff with an answer. (*Id.*) No such response was provided, and Vantage Point did not respond to any follow-up telephone calls from Plaintiff. (*Id.*)

**B.    Procedural Background**

On September 1, 2020, Plaintiff filed the instant Motion to Compel. (ECF No. 1.) On September 9, 2020, the Court issued a Briefing Schedule and ordered Vantage Point to file a response to Plaintiff's motion no later than fourteen days following service of the Briefing Schedule on Vantage Point. (ECF No. 3 at 2.) Plaintiff served the Briefing Schedule on Vantage Point on September 15, 2020. (ECF No. 4 at 1.) Thus, Vantage Point's response was due no later than September 29, 2020. No response was filed by the deadline. On October 6, 2020, Plaintiff filed a reply, which was served on Vantage Point on October 8, 2020. (ECF Nos. 5; 6.)

To date, Vantage Point has not filed a response to Plaintiff's Motion to Compel or otherwise appeared in this matter.

///
///
///
///

## II. REQUEST TO COMPEL COMPLIANCE WITH THE SUBPOENA

### A. Legal Standard

Under Federal Rule of Civil Procedure 45,[2] a nonparty to a civil suit may be subpoenaed for documents relevant to the suit. Fed. R. Civ. P. 45(a)(1)(C). "The scope of discovery obtainable from a nonparty by subpoena is the same as that obtainable from a party." *Gopher Media, LLC v. Spain*, 2020 WL 6741675, at *2 (S.D. Cal. Nov. 17, 2020). Under Rule 26, parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 45, however, imposes an affirmative duty upon parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *see also Century Sur. Co. v. Master Design Drywall, Inc.*, No. 09cv280-LAB-AJB, 2010 WL 2231890, at *1 (S.D. Cal. June 2, 2010) ("Underlying the protections of Rule 45 is the recognition that the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery."). "Courts have broad discretion to determine whether a subpoena is unduly burdensome." *Trepco Imports & Distrib., Ltd. v. Ariz. Beverages USA, LLC*, Case No.: 20CV521-DMS(BLM), 2020 WL 4336296, at *3 (S.D. Cal. July 28, 2020).

A nonparty served with a subpoena *duces tecum* may serve the propounding party with written objections within fourteen days after service or before the time of compliance, if less than fourteen days. Fed. R. Civ. P. 45(d)(2)(B). "A nonparty's failure to timely

---

[2] Federal Rule of Bankruptcy Procedure 9016 makes Federal Rule of Civil Procedure 45 applicable in bankruptcy proceedings.

make objections to a Rule 45 subpoena generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005).

**B.     Discussion**

The Court has reviewed the subpoena *duces tecum* including the definitions, instructions, time period, and document requests. (*See* ECF No. 1-3 at 2–18.) The Court does not have the benefit of objections from Vantage Point or a response in opposition to the instant Motion to Compel. Therefore, the Court can only evaluate the propriety of Plaintiff's requests based upon the language of the requests and the background of the case provided by Plaintiff. The requests, taken in light of the definitions and instructions, are broad, but do not appear on their face to be disproportional to the needs of the case. Specifically, they appear to be proportional to the needs of the case "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Two of these factors, the responding party's resources and whether the burden or expense outweighs the likely benefit, are particularly hard to evaluate meaningfully without a substantive response from Vantage Point. In its limited e-mail correspondence with Plaintiff, Vantage Point asserts that it is "a small company" and that producing electronic documents in the manner proposed by Plaintiff is "overly burdensome and expensive." (ECF No. 1-10 at 2.) Again, this issue was raised in an e-mail, not in a discovery response or a response in opposition to this motion, and the e-mail does not address Vantage Point's concerns in detail. Vantage Point refused to meet and confer thereafter. Vantage Point did not propose an alternative method of producing electronic information. Therefore, the Court will not deny Plaintiff's Motion to Compel on this basis.

Accordingly, Plaintiff's request to compel Vantage Point to produce documents in response to its subpoena *deuces tecum* is **GRANTED**.

### III. REQUEST FOR SANCTIONS

The only authority in the Federal Rules of Civil Procedure to sanction a nonparty for failing to comply with a subpoena is Rule 45(g). *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983). Pursuant to Rule 45(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "[A] subpoena *duces tecum* is itself a court order, and noncompliance may warrant contempt sanctions." *Pennwalt Corp.*, 708 F.2d at 494 n.5. "A court may wield its civil contempt powers for two separate and independent purposes: (1) 'to coerce [a party] into compliance with the court's order'; and (2) 'to compensate the complainant for losses sustained.'" *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (quoting *United States v. U.S. Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)).

"In a civil contempt action, the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004). In considering the contemnor's reasons why compliance was not possible, the court may consider a history of noncompliance and a failure to comply despite the pendency of a contempt motion. *Stone v. City and County of San Francisco*, 968 F.2d 850, 856–57 (9th Cir. 1992). If a contemnor has "performed all reasonable steps within [his] power to [e]nsure compliance with the court's orders," then he should not be held in contempt. *Id.* at 856 (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 404 (9th Cir.1976)). However, "[i]ntent is irrelevant to a finding of civil contempt and, therefore, good faith is not a defense." *Id.*

Here, Plaintiff has established that Vantage Point violated a specific and definite order when it failed to comply with the subject subpoena. Further, Vantage Point failed to comply with the Court's Order requiring Vantage Point to file a response to Plaintiff's Motion to Compel. Accordingly, the Court issues an Order to Show Cause why contempt sanctions, in the form of reasonable expenses and attorneys' fees expended by Plaintiff's

counsel in bringing the instant motion, should not issue against Vantage Point for its noncompliance. Plaintiff's request for sanctions is therefore **DENIED as premature**. *See, e.g.*, *Poly-Med, Inc. v. Novus Sci. PTD Ltd.*, Case No.: 17-CV-649-DMS-WVG, 2017 WL 2291942, at *3 (S.D. Cal. May 25, 2017) (denying as premature the defendant's request for attorney's fees for bringing a motion to compel compliance with a Rule 45 subpoena and issuing an order to show cause why contempt sanctions should not issue against the nonparty).

## IV.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1. No later than **January 19, 2021**, Vantage Point shall produce to Plaintiff all non-privileged documents responsive to the subject subpoena and shall provide a privilege log addressing any documents withheld on the basis of privilege.

2. No later than **January 12, 2021**, Plaintiff shall file a declaration setting forth the reasonable expenses and attorneys' fees expended by Plaintiff's counsel in bringing the instant motion, including all appropriate supporting documentation necessary to evaluate the claim under Ninth Circuit law.

3. No later than **January 19, 2021**, Vantage Point must file a declaration addressing why it did not comply with the subject subpoena and with the Court's Order requiring it to file a response to Plaintiff's Motion to Compel (ECF No. 3). The declaration shall address why sanctions should not issue against it for its failures to comply.

4. A telephonic Show Cause Hearing shall be held on **January 27, 2021**, at **11:30 AM** before Magistrate Judge Jill L. Burkhardt. For purposes of the Show Cause Hearing, all participants shall call the Court's teleconference line at (877) 873-8018 and use access code 9930765.

Dated:  December 21, 2020

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge