# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC S. KIRSCHNER,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | Case No.: 20-cv-01712-LAB-JLB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**[ECF No. 7]** |

This matter is before the Court on an Order to Show Cause why contempt sanctions should not issue against Third Party Vantage Point Advisors, Inc. ("Vantage Point") for its failure to timely comply with a subpoena *duces tecum* and an order of this Court. (ECF No. 7 at 8.) For the reasons set forth below, the Court finds that compensatory contempt sanctions against Vantage Point are not appropriate at this time and discharges its Order to Show Cause.

## I. BACKGROUND

On September 1, 2020, Plaintiff Marc S. Kirschner filed motion to enforce an out-of-district subpoena *duces tecum* served on Vantage Point on December 17, 2019, and compel Vantage Point to produce documents responsive to the subpoena. (ECF No. 1.) In his motion, Plaintiff also requested reimbursement from Vantage Point of the attorneys' fees and expenses he incurred in bringing the motion. (ECF No. 1-18 at 8.) The Court

1

issued a Briefing Schedule on Plaintiff's motion on September 9, 2020, and ordered Vantage Point to file a response no later than fourteen days following Plaintiff's service of the Briefing Schedule on Vantage Point. (ECF No. 3 at 2.) Plaintiff served the Briefing Schedule on Vantage Point on September 15, 2020, making Vantage Point's response due no later than September 29, 2020. (ECF No. 4 at 1.) Vantage Point never filed a response.

On December 21, 2020, the Court issued an Order Granting In Part and Denying In Part Plaintiff's Motion to Compel. (ECF No. 7.) The Court granted Plaintiff's request to compel production of documents and ordered Vantage Point to produce all non-privileged documents responsive to Plaintiff's subpoena. (*Id.* at 8.) The Court denied as premature Plaintiff's request for reimbursement of attorneys' fees and expenses but set a Show Cause Hearing regarding Plaintiff's failures to comply for January 27, 2021. (*Id.*) The Court ordered Vantage Point to file a declaration no later than January 19, 2021, addressing why it should not be sanctioned in the form of Plaintiff's attorneys' fees and costs incurred from bringing the Motion to Compel. (*Id.*) Vantage Point never filed a declaration and failed to appear at the Show Cause Hearing. (ECF No. 11.) To date, Vantage Point has not appeared in this case.

## II. DISCUSSION

Despite Vantage Point's failures to comply, the Court declines to recommend that compensatory contempt sanctions be levied against Vantage Point. As an initial matter, Plaintiff did not bring his request for reimbursement of attorneys' fees pursuant to any specified authority; Plaintiff requested only that the Court order "Vantage Point [to] pay Plaintiff's reasonable expenses and attorneys' fees in bringing [the Motion to Compel]" without setting forth any support for the appropriateness of such a request against a nonparty. (ECF No. 1-18 at 8.) In making this request, Plaintiff seems to have relied on Federal Rule of Civil Procedure 37, which requires a party whose conduct necessitated a motion to compel discovery to pay the moving party's reasonable expenses in making the motion, if the motion is granted in full. Fed. R. Civ. P. 37(a)(5)(A). The Court, however, may not use the enforcement remedies contemplated in Rule 37 for a nonparty's failure to

comply with a subpoena *duces tecum*. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 & n.4 (9th Cir. 1983) ("Rule 37(a)[(5)] authorizes an award of expenses, including attorneys['] fees, for a motion to compel discovery. It applies, however, to motions to compel parties to produce documents (under Rule 34), and motions to compel nonparties to attend depositions, but not motions to compel nonparties to produce documents."); *see also Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1225 (9th Cir. 2018) ("None of the other sanctions available under Rule 37 are available against [a] nonparty.").

The only authority in the Federal Rules of Civil Procedure to sanction a nonparty for failing to comply with a subpoena *duces tecum* is Rule 45(g). *Pennwalt Corp.*, 708 F.2d at 494. Pursuant to Rule 45(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The authority of a federal magistrate judge to exercise this kind of contempt power is established by 28 U.S.C. § 636(e). However, under this subsection, magistrate judges are required to refer contempt charges to the district court, *see Grimes v. City & County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991), with a specific certification of all facts supporting any recommendation that a particular individual be held in contempt, 28 U.S.C. § 636(e)(6)(B)(iii). Even if Plaintiff had requested reimbursement of attorneys' fees and expenses as a compensatory civil contempt sanction, the Court could not certify all facts supporting a recommendation of contempt, for the extent to which Vantage Point has failed to comply with the subject subpoena is unknown to the Court. At the Show Cause Hearing, Plaintiff informed the Court that, since the Court issued its Order granting in part Plaintiff's Motion to Compel, Vantage Point had produced "some" responsive documents. Although the Court ordered that Vantage Point produce all non-privileged responsive documents (ECF No. 7 at 8), Plaintiff did not inform the Court that he would be prejudiced without further document production from Vantage Point or otherwise elaborate on the number of or types of documents that remained outstanding. Without this information, the Court cannot certify the extent of Vantage Point's noncompliance with the subject subpoena to the district judge.

The Court also acknowledges that, although Vantage Point did not timely object to Plaintiff's subpoena with formal objections, it did informally object in an e-mail that Instruction 7[1] in the subpoena was "overly burdensome and expensive," as Vantage Point was "a small company." (ECF No. 1-10 at 2.) Additionally, in several phone calls and e-mails between counsel for both Plaintiff and Vantage Point, Vantage Point notified Plaintiff of the difficulty it faced in complying with the subpoena due to the coronavirus pandemic and California's stay-at-home order. (*See* ECF Nos. 1-8 at 2; 1-10 at 2; 1-15 at 2.) Counsel for Vantage Point reiterated the pandemic-related difficulties it faced in complying with the subpoena in an e-mail on April 1, 2020, stating that it was "unclear" when Vantage Point would "be in a position to gather and produce responsive documents," the amount of which was "extensive." (ECF No. 1-10 at 2.) On July 24, 2020, counsel for Vantage Point e-mailed Plaintiff's counsel and again informed them that Vantage Point had "been doing its best to comply with the subpoena," but the pandemic and California's stay-at-home order continued to "severely hamper[]" Vantage Point's "ability to identify and gather" responsive documents. (ECF No. 1-15 at 2.) Although Vantage Point did not produce responsive documents as quickly as would have been ideal, the Court cannot discern that Vantage Point engaged in the type of behavior warranting a recommendation of civil contempt.[2] *See Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984) ("A court has wide

---

[1] Instruction 7 required, *inter alia*, that Vantage Point produce all ESI in its original electronic format. (ECF No. 1-7 at 10–11.)

[2] That is not to say that Vantage Point and its counsel's unjustified noncompliance with this Court's orders is acceptable. Although it will not recommend contempt sanctions at this time, the Court admonishes Vantage Point and its counsel, Philip C. Tencer, for their disregard of this Court's order requiring Vantage Point to respond to Plaintiff's Motion to Compel and the Court's Order to Show Cause and Vantage Point's failure to appear at the Show Cause Hearing. To date, Vantage Point has not appeared in this case despite Plaintiff's personal service of each of his filings and every Court order on Vantage Point. (ECF Nos. 4; 6; 8; 10.) The Court recognizes the challenges the coronavirus pandemic placed on Vantage Point in complying with Plaintiff's subpoena, but Vantage Point's failure to appear in this case and answer for its actions is inexcusable.

latitude in determining whether there has been contemptuous defiance of its order." (citing *Neebars, Inc. v. Long Bar Grinding, Inc.*, 438 F.2d 47, 48 (9th Cir. 1971))).

Finally, even if the Court were to recommend contempt sanctions, it would not be in a position to recommend awarding Plaintiff the compensatory sanctions he seeks. Plaintiff requests that Vantage Point pay the $15,573.16 in attorneys' fees and expenses he incurred in bringing the Motion to Compel, but he has not properly supported his fee request as to the reasonableness of the billing rates for his attorneys and their support staff. In the Ninth Circuit, a district court determines a reasonable fee award first by "calculating the lodestar amount, which is the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). To assess a reasonable hourly rate, the court must look to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). "Affidavits of the [fee applicant] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

In its Order granting in part Plaintiff's Motion to Compel, the Court directed Plaintiff to file a declaration setting forth the reasonable attorneys' fees and expenses expended by his counsel in bringing the Motion to Compel, "including all appropriate supporting documentation necessary to evaluate the claim under Ninth Circuit law." (ECF No. 7 at 8.) Plaintiff filed a declaration from counsel requesting $14,803.00 in attorneys' fees and $770.16 in expenses in connection with the Motion to Compel. (ECF No. 9 ¶¶ 3–4.) However, Plaintiff's counsel's declaration and attached exhibits do not include any support for the reasonableness of their hourly rates. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("To inform and assist the court in the exercise of discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own

affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation."); *McCwon v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) ("The party seeking the award should provide documentary evidence to the court concerning . . . how it determined the hourly rate(s) requested."). Plaintiff neither provided documentation addressing his attorneys' skills, experiences, and reputations nor the prevailing rate in the Southern District of California for similar work performed. *See Camacho*, 523 F.3d at 979 ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."). Given that Plaintiff's attorneys work at a New York City law firm and bill at high hourly rates,[3] substantiating the reasonableness of these hourly rates was of particular importance here. Furthermore, the Court highlighted the deficiencies in Plaintiff's declaration and supporting exhibits at the Show Cause Hearing, but Plaintiff's counsel declined to supplement his declaration with supporting documentation.

### III. CONCLUSION

For the foregoing reasons, the Court finds that compensatory contempt sanctions against Vantage Point are not appropriate at this time. Accordingly, the Court **DISCHARGES** its Order to Show Cause (ECF No. 7 at 8). As there are no pending matters, the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: June 25, 2021

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[3] Plaintiff requested an hourly rate of $855.00 for work performed by a partner, hourly rates of $565.00 and $315.00 for work performed by two associate attorneys, and an hourly rate of $205.00 for work performed by a paralegal. (ECF No. 9-1 at 2.)